## ROBERT HUGGINS v. WILLIAM LITTLE.

Court of Chancery. New Castle. In Vacation. May 3, 1821.

*Ridgely's Notebook III, 306.*

Yesterday, May 2, the following petition was received by the mail:

To etc., the petition of Robert Huggins of Mill Creek Hundred, New Castle County, humbly showeth that your petitioner is seised and possessed of a certain tract of land or plantation situate in the Hundred and County aforesaid containing about ninety-nine acres, bounded by lands late of Hannah and William Moore, Samuel Findley, Jesse Tyson and a certain William Little, of which said tract or planta-

tion your petitioner's wife Elizabeth, late Elizabeth Kelly, daughter of Samuel and Rebecca Kelly, deceased, is tenant in fee as the only child and heir at law of the said Rebecca, formerly Rebecca English, who took them by virtue of a devise in the will of her father, David English, an office copy of which is herewith exhibited.

That your petitioner being thus fully seised and possessed of the said tract of land, and having fences enclosing a certain fourteen acre field thereof in the cultivation of wheat, the said aforementioned William Little, making a pretended claim to a right of way through the said field, some time in the month of May in the year of our Lord 1819, pulled down and prostrated a large part of the said fence, and thus opened the whole of the said field. Your petitioner immediately thereupon instituted an action of trespass, founded as well upon his above title as his undoubted possession, to the November Term of the Supreme Court then next ensuing against the said William Little, which suit is now at issue in the said court, in which the pretensions of the said William Little to the said right of road will be fully examined.

That your petitioner repaired his said fence at different times, so as to get in, with considerable loss by the repeated acts of pulling down the same by the said William Little and at his direction, the said crop of wheat; and your petitioner in April, 1820, put down in the said field a crop of clover, which this Spring is well set and would be fit for cutting, but the said William Little persists in keeping down and entirely open the said fence for some extent, without gate or bars, and passing and repassing as his wantonness or convenience may suit, thus making the field a complete common, and ruining all prospect of its being of any use to your petitioner during the pendency of said suit.

Your petitioner therefore humbly showeth that during the pendency of the said suit he is entitled to the protection of a court of equity that the whole fruits of what he has the possession should not be lost, and that a multiplicity of suits by him for every act of trespass may be prevented, in which suits your petitioner would be unable to obtain his damages, owing to the insufficiency of the estate of the said William Little.

Your petitioner therefore prays that the injunction process of this honorable Court to restrain, during the pendency of the cause, the trespass upon the said land, as well of the said William Little as of his family, servants, agents, and

those acting under his direction, and such farther and other relief in the premises as to justice and equity may seem meet. And your petitioner, etc.

(Signed) *Robert Huggins.*

Affidavit was made to this petition by Robert Huggins before the Register the 1st May, 1821.

A writ of injunction agreeably to the prayer of the petition was ordered the 3rd May, 1821.

The writ was awarded because Huggins had commenced a suit at law and done all he could at law, to arrest these trespassers. Second, because Little, during the suspension of the trial at law, is using the interval to do all the mischief he can to Huggins. See 5 Ves.Jr. 259, *Lathorp v. March,* and in the note *Sir William Pulteney v. Shelton.* Third, because as to the clover it must be lost and cannot be repaired. See 2 Bro. C.C. 64, *Bathurst v. Barden.* Fourth, because if Little cannot make compensation, plaintiff cannot have a remedy at law. See 3 Bro.C.C. 621, *Smallman v. Onions.* See *Lord Kilmorey v. Thackeray,* cited 2 Bro.C.C. 65. See Coop.Eq.Pl. 150–158.